IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANNIE J. MAGRUDER-MARTIN,** )<br>                  Plaintiff, )<br>                           )<br>vs.                            )<br>                           )<br>**MICHAEL J. ASTRUE,** )<br>Commissioner of Social )<br>Security Administration, )<br>                  Defendant. ) | **Case No. 11-115-JHP-SPS** |

**ORDER**

Plaintiff, Franklin Gray, has moved the court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C., §2412(d). The Commissioner has not objected to the amount claimed by Plaintiff.

Section 2412(d) provides that a prevailing party other than the United States shall be awarded fees unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. With respect to EAJA applications in Social Security cases, the Commissioner has the burden of showing that its position was substantially justified. <u>Hadden v. Bowen</u>, 851 F.2d 1266, 1267 (10th Cir. 1988). The Commissioner must prove that her case had a reasonable basis in law and in fact. <u>Id.</u> "The term `substantially justified' has been defined as `justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person.'" (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)).

Based on an independent review of the record, the court concludes that 1) plaintiff is a prevailing party, 2) the government's position was not substantially justified, and 3) the requested amount is reasonable. Consequently, the Court finds Plaintiff is entitled to an attorney's fee award under the EAJA in the amount of $5,018.30 in attorney fees. Given the clear language of the statute

governing the payment of EAJA fees, the award in this case is to be made payable to Plaintiff, not Plaintiff's counsel, or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. §2412(a)(1) and (d)(1)(A) provide for an award of costs and attorney's fees to a "prevailing party." Further, if plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. §406(b)(1), he shall refund the smaller award to the plaintiff pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 5th day of February, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma